UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x   NOT FOR PUBLICATION

DANIELLE BITON; CRYSTAL BITON,[1]

        Plaintiffs,

        -against-

DONALD VERILLI; ERIC SCHNEIDERMAN;
PORT AUTHORITY OF NY AND NJ; PAM BONDI,
Esq.; UNITED STATES OF AMERICA; AG OF
MARYLAND; AG OF NEW YORK; PRESIDENT
OBAMA,
        Defendants.
-------------------------------------------------------------------x
DANIELLE BITON; CRYSTAL BITON,

        Plaintiffs,

        -against-

DONALD VERILLI; ERIC SCHNEIDERMAN;
PORT AUTHORITY NY/ NJ; AG OF FL; AG
OF MD,

        Defendants.
-------------------------------------------------------------------x

**MEMORANDUM
AND ORDER**
17-MC-803 (LDH)

17-MC-804 (LDH)

LaSHANN DeARCY HALL, United States District Judge.

On February 28, 2013, the Court barred Plaintiff Danielle Biton from filing any future *in forma pauperis* action in this Court without first obtaining leave of Court. *See Biton v. Prime Minister of Israel,* No. 12-cv-5234 (Final Judgment & Filing Injunction, ECF No. 7); *Biton v. Washington Dulles Airport Authority*, No. 12-cv-5331 (same, ECF No. 7); *Biton v. Chitrid*, No. 12-cv-5359 (same, ECF No. 10); *Biton v. Aventura*, No. 12-cv-5426 (same, ECF No. 8). On

---

[1] Danielle Biton's alias is Daniel Bitton and Crystal Biton's alias is Saphyre M. Redford. Both plaintiffs sign the complaints twice under both their name and alias.

1

March 16, 2017, Plaintiffs Danielle Biton and Crystal Biton filed the instant motions seeking permission to file these two proposed complaints, accompanied by applications to proceed *in forma pauperis*. For the reasons set forth below, the Court denies Plaintiffs' motions for leave to file these new actions.

Plaintiffs request does not provide any valid reason to allow the proposed actions to go forward. Plaintiffs' proposed complaints assert nonsensical allegations untethered to any claim, similar to Plaintiff Danielle Biton's prior actions, which, despite the Court's best efforts and opportunities to amend, remained incompressible, delusional, and completely devoid of merit. Thus, Plaintiffs' applications for leave to file the instant complaints are denied.

Plaintiffs also request the recusal of the Honorable Carol Bagley Amon. Because Judge Amon is not assigned to this case, Plaintiffs' motion is denied as moot.

Should Plaintiff Danielle Biton wish to proceed with the proposed complaints, she must pay the court's filing fee for each. She is cautioned, however, that the complaints are currently incomprehensible and do not comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Plaintiff Crystal Biton is not under a filing injunction and therefore has the option of filing a new *in forma pauperis* complaint without Danielle Biton. Several of Danielle Biton's prior actions have included Crystal Biton as a plaintiff in the caption of the complaint or as an alias, but Crystal Bitson was neither clearly identified nor has she ever been a signatory. *See, e.g.*, *Biton v. Washington Dulles Airport,* No. 12-cv-5331 (Crystal Bitton listed in the caption as an alias); *Biton v. Chitrid*, No. 12-cv-5359 (Crystal Biton listed in the caption as an alias); *Biton*

*v. Aventura*, No. 12-cv-5426 (Crystal Biton listed either as another plaintiff or an alias, but Danielle Biton was the sole signatory). Before now, it was never clear from Danielle Biton's filings if Crystal Biton was a different individual or an alias for Danielle Biton. But here, Crystal Biton has signed each of the instant proposed complaints. Should Crystal Biton wish to proceed with the claims contained in the proposed complaints without Danielle Biton, she may file a new complaint and either pay the court's filing fee or request to proceed *in forma pauperis.*

## CONCLUSION

Accordingly, given Danielle Biton's extensive history of vexatious litigation, and in the absence of any basis for leave to file to be granted, Plaintiffs are denied permission to file these *in forma pauperis* complaints based on the allegations herein. Their motions for discovery, for the Court to appoint counsel, and for the recusal of the Honorable Carol Bagley Amon are all likewise denied. Should Danielle Biton wish to proceed with the proposed complaints, she must pay the court's filing fees. To the extent Crystal Biton may wish to proceed without Danielle Biton, she may file a new complaint and either pay the filing fee or a request to proceed *in forma pauperis.*

The Court's order barring Danielle Biton from filing future *in forma pauperis* complaints without first seeking the Court's leave remains in effect. The Clerk of Court is directed to return without filing and without judicial order any future *in forma pauperis* complaint submitted by Plaintiff Danielle Biton that does not comply with the Court's filing injunction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of

3

an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this action.

SO ORDERED.

                 /s/ LDH
              LASHANN DEARCY HALL
              United States District Judge

Dated: Brooklyn, New York
    May 5, 2017